```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

CLARA CUNNINGHAM-KING,            :
                                  :
    Plaintiff,                    :
                                  :
v.                                :    CIVIL ACTION 09-217-M
                                  :
MICHAEL J. ASTRUE,                :
Commissioner of                   :
Social Security,                  :
                                  :
    Defendant.                    :

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. § 405(g), Plaintiff seeks judicial review of an adverse social security ruling which denied her claim for disability insurance benefits (Docs. 1, 17). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 21). Oral argument was waived in this action (Doc. 24). Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **REVERSED** and that this action be **REMANDED** for further administrative procedures not inconsistent with the Orders of this Court.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richard-

*son v. Perales*, 402 U.S. 389, 401 (1971).  The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was forty-seven years old, had completed a ninth-grade education, and had previous work experience as a certified nursing assistant (Tr. 13).  In claiming benefits, King alleges disability due to a neck and shoulder injury (Doc. 17 Fact Sheet).

The Plaintiff filed an application for disability benefits on February 23, 2006 (Tr. 74-78).  Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although King had severe impairments and could not return to her past relevant work, she could perform a limited number of jobs that fall within the light work category (Tr. 26-35).  Plaintiff requested review of the hearing decision (Tr. 6) by the Appeals Council, but it was denied (Tr. 1-3).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, King alleges the following:  (1) The ALJ did not properly consider her complaints of pain; and (2) the ALJ did not pose a proper hypothetical question to the Vocational Expert (hereinafter *VE*) (Doc. 17).  Defendant has responded to—and denies—these claims (Doc. 18).

Plaintiff has claimed that the ALJ did not pose a proper hypothetical question to the VE (Doc. 17, pp. 6-9).[1]  More specifically, King asserts that the ALJ did not pose a hypothetical which contained all of her specific physical limitations.  The Eleventh Circuit Court of Appeals has held that an ALJ's failure to include severe impairments suffered by a claimant in a hypothetical question to a vocational expert to be reversible error where the ALJ relied on that expert's testimony in reaching a disability decision.  *Pendley v. Heckler*, 767 F.2d 1561 (11th Cir. 1985).

The Court notes that the ALJ first asked the VE about the ability of a hypothetical person,[2] who could perform a full range of light work, to return to any of King's relevant past work; the VE responded no (Tr. 20).  Next, the ALJ asked if there were any light, unskilled jobs this hypothetical person could perform; the VE answered that there were and that those jobs were housekeeper/cleaner, assembler, and cashier, further listing the number of those jobs available in the national economy (Tr. 20-21).  In response to a query about unskilled, sedentary jobs, the VE replied surveillance system monitor and assembler with the number of those jobs available in the national economy (Tr. 21).  The ALJ then asked if any of those jobs would be precluded by the

---

[1] The Court notes that King has actually raised two different queries related to this claim (Doc. 17, pp. 6-7); the Court, however, will only address one of those.

[2] This hypothetical person is "the same age as the claimant with the same educational level and occupational history" (Tr. 20).

limitations found in the functional capacity evaluation of Exhibit 9F;[3] the VE answered no (Tr. 21).  The following exchange then took place:

> Q.  And if we add those limitations, if any of the restrictions found in Dr. Seldenridge's report, which is marked Exhibit 8F, would that, that preclude any of those jobs, either in the, the light or the sedentary, unskilled range?
> A.  Let me make sure this is 8F that I'm looking at.  It looks like that's also a light.
> Q.  Okay, so that would not preclude any of those jobs?
> A.  No sir, should not.

(Tr. 22).

Dr. Alex Seldomridge's evaluation note of January 9, 2007 concludes with the recommendation that King "stay at light duty with the same restrictions;" no other restrictions are listed in that evaluation (Tr. 176).  Dr. Seldomridge's evaluation note of November 28, 2006 encouraged Plaintiff to "continue her home exercise program and start some light duty with the same restrictions as before;" again, no other restrictions are listed in that evaluation (Tr. 177).  The evaluation note from October 24, 2006 concludes with the following plan:  "Light-duty, no lifting, pushing or pulling greater than 15 pounds.  No repetitive overhead activity" (Tr. 178).

The Court has read and re-read through the ALJ's questioning of the VE and cannot determine that there was a meeting of the

---

[3]This exhibit was produced by Industrial Wellness/Rehab and can be found at Tr. 188-211.

minds between the two of them as to the limitations that had been placed on King by Dr. Seldomridge.  Though the Defendant asserts that the ALJ's hypotheticals included all of King's specific limitations (Doc. 18, pp. 10-11), a close reading of the transcript does not bear that argument out.

The Court acknowledges that the ALJ specifically found that Plaintiff had "the residual functional capacity to perform a limited range of light work except that light work that requires pushing or pulling at greater than 15 pounds or work that requires repetitive overhead reaching" (Tr. 31).  The ALJ then relied on the VE's testimony to find that King could perform the jobs of housekeeper/cleaner, assembler, cashier, and surveillance system monitor (Tr. 34-35).  However, because the ALJ's question only referenced Dr. Seldomridge's ten-page report and did not specifically state the restrictions set out in the physician's report, *i.e.*, "no lifting, pushing or pulling greater than 15 pounds.  No repetitive overhead activity," the Court cannot say that the VE fully understood the restrictions being placed on King.  The VE's response, "It looks like that's also a light," casts further doubt on his understanding and, likewise, his response.

The Court finds that the ALJ's opinion is not supported by substantial evidence.  Though the Court cannot say that the opinion is wrong, the Court cannot say that it is correct, either.  Therefore, it is **ORDERED** that the action be **REVERSED** and **REMANDED** to the Social Security Administration for further

administrative proceedings consistent with this opinion, to include, at a minimum, a supplemental hearing with a Vocational Expert to determine what work Plaintiff is capable of performing.

A final judgment will be entered by separate Order.  For further procedures not inconsistent with this Order, see *Shalala v. Schaefer*, 509 U.S. 292 (1993).

DONE this 28th day of December, 2009.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE